UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LIBBY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF GRIDLEY, et al.,<br><br>    Defendants. | No. 2:21-cv-00017-JAM-AC<br><br>**ORDER GRANTING DEFENDANTS CITY OF GRIDLEY, GRIDLEY POLICE DEPARTMENT AND GRIDLEY POLICE CHIEF RODNEY HARR'S MOTION TO DISMISS** |

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

On November 23, 2020, Gridley Police Officer Devin Pasley ("Pasley") and another unidentified officer confronted Michael A. Libby ("Plaintiff") outside his girlfriend's residence in Gridley, California. Compl. ¶¶ 13-14, ECF No. 1. As Officer Pasley approached to arrest him, Plaintiff informed Pasley that he had "a physical disability caused by a previous shoulder surgery requiring the site of the injury to be treated with care." Id. ¶¶ 16-17. Plaintiff alleges Officer Pasley ignored the warning about his injured arm, instead forcefully grabbing

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 20, 2021.

1

hold of him, applying force to his injured arm, hyper-flexing his arm and shoulder, and then twisting his arms behind his back. Id. ¶¶ 18-20. Plaintiff cried out in pain and informed the officers that Pasley's actions were further injuring his arm. Id. ¶ 21. Both officers ignored Plaintiff's complaints. Id. ¶ 22. Following the arrest, the officers transported Plaintiff to the Gridley police station and then to the hospital. Id. ¶ 26. The hospital informed Plaintiff he suffered two fractures to his injured arm. Id. ¶ 27. Plaintiff was subsequently released from custody. Id. ¶ 28.

In response, Plaintiff filed this Section 1983 action against the City of Gridley, the Gridley Police Department, Gridley Police Chief Rodney W. Harr ("Harr"), and Officer Pasley. Id. ¶¶ 6-9. Defendants City of Gridley, Gridley Police Department, and Chief Harr now bring the present Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss ("Mot."), ECF No. 10-1. The complaint contains twelve claims, not all of which are relevant to the present Motion. See generally Mot. Defendants City of Gridley and Gridley Police Department seek to dismiss: the fourth claim for violation of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. Section 701, *et seq.*; and the fifth claim for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12101, *et seq*. Mot. at 7-8. Additionally, Defendant Harr moves to dismiss: Plaintiff's second claim for excessive force pursuant to 42 U.S.C. Section 1983; seventh claim for excessive force pursuant to Article I Section 13 of the California Constitution; eighth claim for violation of the Bane Act, Cal. Civ. Code. Section

52.1; tenth claim for assault/battery; eleventh claim for intentional infliction of emotional distress ("IIED"); and twelfth claim for negligence. Mot. at 3-7. These claims are brought against Harr in his individual capacity. Compl. ¶ 8.

Plaintiff opposed Defendants' Motion. Opp'n, ECF No. 15. Defendants replied. Reply, ECF No. 17. For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y Ranch LTD. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to

3

relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

B. Analysis:

1. Claims against the City and Police Department

The City of Gridley and Gridley Police Department move to dismiss Plaintiff's fourth claim for violation of the Rehab Act and fifth claim for violation of the ADA. Mot. at 7-8; Reply at 6. Their principal argument is that Plaintiff has not properly alleged a disability. Id.

To state a claim under Section 504 of the Rehab Act, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (internal quotation marks and citations omitted). Similarly, to state a claim under Title II of the ADA, a plaintiff must allege that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Id. Because the ADA and Rehab Act provide identical remedies, procedures, and rights, claims under both statutes are analyzed in unison. Tennyson v. Cty. of Sacramento, No. 2:19-cv-00429-KJM, 2020 WL 4059568 at *4 (E.D. Cal. July 20, 2020)(internal citation omitted).

4

Further, to properly allege the element of disability, plaintiffs must identify more than the general nature of the disability. Id. at *5; see also Bresaz v. Cty. of Santa Clara, 136 F.Supp.3d 1125, 1136 (N.D. Cal. 2015) (explaining that where "a party alleges that he or she is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity.")

While Defendants contend Plaintiff has not alleged his disability with the requisite factual specificity, see Mot. at 7-8, Plaintiff insists that he has, see Opp'n at 11-13. The only allegations regarding Plaintiff's disability are that: (1) "he had a physical disability caused by a previous shoulder surgery which required the site of the injury to be treated with care," and (2) he "had a physical impairment that substantially limited one or more major life activities, or was perceived to have a physical impairment." Compl. ¶¶ 17, 59, 64; see also Opp'n at 11-12 (referring the Court to these paragraphs). Although these allegations identify the general nature of the disability, they are unsupported with facts and are therefore improperly pled conclusory statements. See Iqbal, 556 U.S. at 679. For this reason, Plaintiff fails to state a claim under either the Rehab Act or ADA.[2]

Defendants, however, did not show that they are entitled to dismissal of these claims with prejudice. Specifically, they did not bring forward authority supporting their position that a

---

[2] As such, the Court does not reach the parties' additional arguments regarding the elements of reasonable accommodation, deprivation of a benefit or public service due to the disability, and intentional discrimination. See Mot. at 8; Opp'n at 13-15.

shoulder injury requiring surgery cannot constitute a disability as a matter of law. In their Motion, Defendants contend "a bare assertion of a prior shoulder injury does not qualify an individual for protections under the ADA"; and in support of this contention cite to Sanchez v. United Parcel Serv. Inc., 625 F. App'x. 806, 808 (9th Cir. 2015). Mot. at 8. However, as Plaintiff points out in opposition, Sanchez involved review of a district court's decision about the plaintiff's disability at the summary judgment rather than motion to dismiss stage. Opp'n at 13. The events at issue in Sanchez also predated the January 1, 2009 effective date of the ADA Amendment Act of 2008 and thereby predated the rules of construction regarding disability set forth in that amendment, whereas here the incident took place on November 23, 2020, clearly post-amendment. Id. Defendants had the opportunity to address Plaintiff's Sanchez arguments in their reply brief but failed to do so. See Reply.

Accordingly, Plaintiff's fourth and fifth claims are dismissed without prejudice.

### 2. Claims Against Harr

Plaintiff's second, seventh, eighth, tenth, eleventh, and twelfth claims assert supervisory liability against Chief Harr. Compl. ¶¶ 48, 78, 88, 107, 115, 123. According to Harr, these claims should be dismissed because Plaintiff's allegations are "wholly conclusory" and "insufficient to pursue any of the claims against [him]." Reply at 2.

#### a. Second and Seventh Claims

Harr first moves to dismiss Plaintiff's second and seventh claims for excessive force, arguing Plaintiff has not

sufficiently pled conduct on the part of Harr that would allow for individual liability. Mot. at 3-5; Reply at 2-4.

To state a Section 1983 claim against a supervisor, a plaintiff must allege: "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citation omitted); see also Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir. 1991) (explaining a "supervisor will rarely be directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury" yet "this does not prevent a supervisor from being held liable in his individual capacity.").

Here, Plaintiff concedes there was no direct, on-the-scene personal involvement by Harr. Opp'n at 3-4. Rather, Plaintiff argues he has sufficiently alleged a causal connection between Harr's conduct and the violation of Plaintiff's Fourth Amendment right to be free from excessive force. Id. Plaintiff's allegations against Harr are as follows:

In paragraph 33, Plaintiff alleges Harr maintained "a policy or custom of action whereby [he] knowingly participated in, acquiesced to, and/or w[]ere deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force."

In paragraph 34, Plaintiff alleges Harr's "insufficient training, supervision, or control of [his] personnel, including [Pasley], was a moving force behind and contributed to use of

7

unreasonable and excessive force against Plaintiff [], resulting in his injury" and Harr "knew or should have known that personnel under [his] command, including [Pasley], was inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy or custom, or the result of the lack of policy."

In paragraph 35, Plaintiff alleges Harr's "policy or custom is demonstrated by [Pasley]'s use of unreasonable and excessive force against [Plaintiff], including: (a) the multiple harms to which [Plaintiff] was subjected, including false arrest / imprisonment, excessive force, retaliation, and disability discrimination; (b) the violation of multiple official policies governing [Pasley]'s conduct including [Gridley Police Department]'s Policy 300 ('Use of Force'), Policy 340 ('Standards of Conduct'), Policy 370 ('Communications with Persons with Disabilities'), and Policy 389 ('Handcuffing and Restraints'); (c) the cavalier nature with which [Pasley] engaged in misconduct in an open and public place, without concern that it could be observed by others; (d) the impunity with which [Pasley] acted, where multiple officers were present and involved in the misconduct, including a supervisory officer, ['Doe 1'], who failed to act or intervene."

In paragraph 36, Plaintiff alleges Harr was "aware of several prior incidents of [his] personnel's use of unreasonable and excessive force, including such use by [Pasley]" but "repeatedly refused or failed to take appropriate corrective action against [Pasley], despite numerous incidents of misconduct."

8

In paragraph 37, Plaintiff alleges Harr "expressly and impliedly condoned the use of unreasonable and excessive force, emboldening [his] personnel, including [Pasley], to continue to employ unreasonable and excessive force" and "perpetuated the problem by knowingly turning a blind eye to the abuses, ignoring or refusing to investigate complaints of [his] personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize [his] personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinate law enforcement officers believed they could act with impunity and 'get away with anything.'"

These allegations are improperly pled conclusory statements. See Iqbal, 556 U.S. at 679; see also Baca, 652 F.3d at 1208-1209. Indeed, a brief comparison to the allegations in Baca, a case in which the Ninth Circuit found the plaintiff had sufficiently alleged a supervisory liability claim, illustrates the pleading deficiencies here.

In Baca, the plaintiff specifically alleged numerous incidents in which inmates in Los Angeles County jails had been killed or injured due to the actions of subordinates of the defendant-supervisor. 652 F.3d at 1216. The Ninth Circuit explained that by making "detailed factual allegations" about the numerous incidents, plaintiff went "well beyond reciting the elements of a claim" and thus plausibly suggested an entitlement to relief against the defendant-supervisor. Id. By contrast, here only one incident -Plaintiff's arrest - is specifically

9

alleged and supported with facts. The remaining allegations set forth above merely recite the elements of Plaintiff's claims in conclusory terms. Even the allegation Plaintiff emphasizes in his opposition brief – namely that Harr was aware of "several prior incidents of [his] personnel's use of unreasonable and excessive force, including such use by [Officer Pasley]" – is unsupported with facts. Opp'n at 4. Unlike <u>Baca</u> where the plaintiff specifically identified prior incidents of use of excessive force and provided factual details about those incidents, here Plaintiff does not identify the "several prior incidents" of which he claims Harr was aware. Nor does Plaintiff plead facts about these other incidents. Although Plaintiff complains that he cannot be expected to provide additional factual detail at this stage, <u>see</u> Opp'n at 4-5, <u>Baca</u> itself provides a clear roadmap of what is required.

Because the complaint does not contain sufficient facts to plausibly allege a causal connection between Harr's conduct and the violation of Plaintiff's rights, his second and seventh excessive force claims are dismissed without prejudice.

### b. <u>Eighth Claim: Bane Act</u>

Harr also seeks to dismiss Plaintiff's eighth claim for violation of the Bane Act, arguing Plaintiff has not alleged Chief Harr had a specific intent to violate Plaintiff's rights as required to state a claim under <u>Reese v. Cty. of Sacramento</u>, 888 F.3d 1030, 1043 (9th Cir. 2018). Mot. at 6; Reply at 4. In opposition, Plaintiff acknowledges that to state a claim under the Bane Act, he must allege that Harr acted with a specific intent to violate his rights. Opp'n at 7. Plaintiff, however,

10

disputes what is required to properly allege specific intent. Specifically, Plaintiff contends he does not have to allege that Chief Harr contemporaneously interacted with or knew of Plaintiff at the time he was harmed. Id. Rather, he argues, the specific intent standard requires only "evidence of recklessness" or "deliberate indifference" and under this standard, his allegations suffice. Id. In support of this contention, Plaintiff relies on Rodriguez v. Cty. of Los Angeles, 891 F.3d 776 (9th Cir. 2018). Opp'n at 8.

Rodriguez, also a Section 1983 excessive force action, involved the cell extractions of five prisoners in a Los Angeles County jail. 891 F.3d at 784. As relevant here, the plaintiff-inmates asserted a claim against the officers who carried out the cell extractions and their supervisors. Id. at 798. One of the supervisors who did not observe the extractions sought to avoid liability based on lack of personal involvement. Id. at 798-799. The Ninth Circuit rejected this particular supervisor's argument, explaining the supervisor could be held liable for "knowingly participat[ing] in creating and maintaining a culture of impunity for officers' use of unconstitutionally excessive force" and for "disabling or failing to follow procedures used to identify uses of excessive force [and] ensuring that violators escaped punishment" thereby "creat[ing] an environment where the mechanisms for supervision and control over the use of force operated ineffectively and sometimes not at all." Id. at 799. However, the Court agrees with Harr that Rodriguez is readily distinguishable because that case involved at least five separate

uses of force in the cell extractions, whereas here only a single instance of use of force has been alleged. Reply at 4.

Furthermore, the Court finds that Plaintiff has not alleged facts from which it could plausibly find that Harr had a specific intent to violate his rights. Plaintiff's allegation that Officer Pasley used force on one occasion while effectuating Plaintiff's arrest taken together with the allegation that Chief Harr was Pasley's supervisor simply do not permit the Court to infer that Harr "knowingly participat[ed] in creating and maintaining a culture of impunity for officers' use of unconstitutionally excessive force" or that Harr was reckless or deliberately indifferent in any other way. Rodriguez, 891 F.3d at 799.

Because Plaintiff has not plausibly alleged specific intent, he fails to state a claim under the Bane Act. His eighth claim is therefore dismissed without prejudice.

### c. Tenth, Eleventh, and Twelfth Claims

Finally, Harr moves to dismiss Plaintiff's tenth, eleventh, and twelfth claims for assault/battery, IIED, and negligence respectively. Mot. at 6-7; Reply at 5-6. The parties again dispute whether the allegations set forth in paragraphs 33 through 37 of the complaint are sufficient to support the claims against Harr. Opp'n at 8-10; Reply at 5-6. As discussed above, the Court finds the allegations set forth in those paragraphs to be improperly pled conclusory statements warranting dismissal.

In an attempt to save these claims, however, Plaintiff advances a few additional arguments. Opp'n at 8-10. First, Plaintiff responds to Harr's argument that he is entitled to

12

discretionary immunity pursuant to California Government Code Section 820.8, see Mot. at 7, by again pointing to the language in Section 820.8 providing: "n]othing . . . exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission." Opp'n at 8. As such, Plaintiff contends Harr can be held liable for his actions and inactions that aided and abetted Officer Pasley's battery against Plaintiff. Id. Defendant counters that even if Harr could be held liable for aiding and abetting the violation of Plaintiff's rights, here Plaintiff has not identified any facts to support his bare allegation that Harr did in fact aid, abet or encourage his subordinates. Reply at 5. The Court agrees. Without any factual support, these conclusory allegations are insufficient to state a battery claim against Chief Harr.

Second, Plaintiff cites to a handful of cases for the proposition that whether Harr's actions were sufficiently outrageous to state an IIED claim is ultimately a question of fact. Opp'n at 9 (collecting cases). But whether or not the outrageousness of Harr's conduct is ultimately a question of fact does not bear on the question presently before the Court: namely whether Plaintiffs has pled sufficient facts to plausibly state an IIED claim against Harr. See Iqbal, 556 U.S. at 678. Here, Plaintiff has not.

Lastly, in support of his negligence claim, Plaintiff cites to a string of cases for the proposition that Chief Harr may be held liable for "his own actions as supervisor[], including [his] alleged negligence in training, developing processes, supervising staff, and disciplining staff for failures to comply with the

adopted policies." Opp'n at 10 (collecting cases). However, this general proposition does not save his claim because again he has failed to plead sufficient factual matter.

Accordingly, Plaintiff's tenth, eleventh, and twelfth claims are dismissed without prejudice.

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. If Plaintiff elects to amend his complaint, he shall file a First Amended Complaint within twenty days (20) of this order. Defendants' responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: May 14, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE