UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LIBBY, | No. 2:21-cv-00017 JAM AC |
| Plaintiff, | |
| v. | ORDER |
| CITY OF GRIDLEY, GRIDLEY POLICE DEPARTMENT, RODNEY W. HARR, DEVIN PASLEY, and TODD FARR, | |
| Defendants. | |

This case is before the court on plaintiff's motion to compel, which is undisputedly moot on the merits but still contested with respect to fees and costs. ECF Nos. 27, 36 (joint statement). The matter is referred to the undersigned pursuant to Local Rule 302(c)(1) and was heard on the papers following the parties' submission of a joint statement. ECF Nos. 28, 36. For the reasons stated below, the court GRANTS plaintiff's motion for an award of expenses and attorneys' fees.

I. RELEVANT BACKGROUND

This action arises out of plaintiff's November 23, 2020 arrest by Officer Devin Pasley and Sergeant Todd Farr of the Gridley Police Department. Plaintiff alleges that Officer Pasley used excessive force, including by intentionally twisting and breaking plaintiff's previously injured left arm, after receiving warnings about the preexisting injury. ECF No. 21 ("FAC") ¶¶ 12-83. Plaintiff further alleges that Officer Pasley's use of excessive force was caused by the Gridley

1

1  Police Department's "culture permitting or encouraging personnel's use of unreasonable and
2  excessive force," and that Officer Pasley has been identified as "an officer [who] frequently uses
3  excessive and unreasonable force" without consequence.  FAC ¶¶ 84-91.
4       In the course of discovery, plaintiff asked the City to produce "[a]ll incidents reflecting
5  use of force by Devin Pasley—including: interviews conducted, statements received,
6  correspondence sent or received, reports and memos prepared."  Declaration of Paul H. Masuhara
7  ("Masuhara Decl."), Ex. A at 5.  In response, the City "produce[d] all documents responsive to
8  this request relating to Plaintiff Michael Libby's claims" (id., Ex. B at 8; Ex. D at 2)—i.e., Officer
9  Pasley's use of force against plaintiff on November 23, 2020—but no documents related to other
10 incidents.  The parties met and conferred, and the City argued the use of the term "use of force"
11 was overly vague.  Plaintiff countered that "force" is defined in the City's own policies.  Id., Ex.
12 J.
13      The City supplemented its response with the following additional information: "Gridley
14 PD reports to the California Dept. of Justice regarding uses of force resulting in serious bodily
15 injury or death.  Gridley PD has performed a search of those reports for any references to uses of
16 such force by Officer Pasley and there are no such reports."  Id., Ex. D at 2.  Plaintiff countered
17 that the response remained insufficient because "Plaintiff's request is not limited to 'uses of force
18 resulting in serious bodily injury or death.'"  Id., Ex. E at 2.  In response, the City's counsel
19 argued that producing responsive documents to the request would be overly burdensome
20 because—other than taser deployment which is separately tracked by the Gridley Police
21 Department—"[t]he only other [use of force] reporting would be the normal incident reports" and
22 "[t]he only way to provide further documents would be for someone to review all of those reports
23 and evaluate if there is any reference to Officer Pasley 'using force.'  The City stands on its
24 objections for that type of an inquiry."  Id., Ex. E at 1.
25      Following this exchange, plaintiff filed a motion to compel.  ECF No. 27.  After receiving
26 plaintiff's portion of the joint statement, the City agreed to produce responsive documents.  Id.,
27 Ex. H.  The parties now agree that the substance of the motion is moot, and the only issue before
28 the court is whether plaintiff is entitled to fees and costs.  ECF No. 36 at 3.

## II.  DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a "motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard" require the party the party whose conduct necessitated the filing of the motion to pay reasonable expenses including attorney's fees.  Fed. R. Civ. P. Rule ("Rule") 37(a)(5)(A).  However, the court "must not" order payment if the moving party filed the motion before attempting in good faith to resolve the matter, if the nondisclosure was substantially justified, or if other circumstances make an award unjust.  Rule 37(a)(5)(A) (i)-(iii).

Plaintiff's request for fees is predicated on the theory that the discovery was provided after the motion to compel was filed, bringing the situation squarely within the mandatory fee provision of the Rule.  See ECF No. 36 at 8.  The City argues that fees are nonetheless inappropriate because (1) plaintiff did not exhaust meet and confer obligations; (2) the City's objections were substantially justified; and (3) an award of fees and expenses would be unjust and discourage the resolution of disputes after a motion is filed.  ECF No. 36 at 12-36.  The court disagrees.

The email correspondence submitted by plaintiff indicates that as of June 4, 2021, further meet and confer efforts were going to be futile for plaintiff.  See Masuhara Decl. Ex. E.  Defense counsel stated the City "stands on its objections" to an inquiry that would require someone to review every regular incident report with any reference to Officer Pasley "using force;" the follow-up statement that the City would be willing "discuss further" is not a meaningful opening to further meet and confer in light of the prior statement that the City was firm in its objection.  Id.  Plaintiff had adequately exhausted meet and confer efforts when he filed his motion on June 16, 2021.

Although neither party appears to have acted in bad faith, the court cannot find that the City's position was substantially justified.  There is nothing vague about the phrase "use of force."  The records at issue are clearly relevant to this case and appropriate for discovery.  Any privacy concerns could have been addressed with a protective order.  The request does not appear to the court to have been an overly burdensome one.  As to the City's argument that awarding

fees in circumstances such as this would disincentivize compromise once a motion to compel is filed, the undersigned notes that the court is bound by the Federal Rules of Civil Procedure, which specifically authorize fees in such circumstances. See Balla v. Idaho, 677 F.3d 910, 920 (9th Cir. 2012) (noting in dicta that Rule 37's requirement of fees in this situation encourages production and rewards effective legal work in bringing about compliance with discovery obligations). The court will not second-guess the drafters of the Federal Rules. An award of fees is appropriate here.

In the submitted billing statement, the plaintiff shows a total of 19.75 billed hours at a rate of $300 per hour for a total fee request of $5,925.00. ECF No. 36-1 at 4. The court has reviewed the billing statement and has determined it to be reasonable under the circumstances.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel and for fees and costs (ECF No. 27) is GRANTED and defendant City of Gridley is ORDERED to pay plaintiff $5,925.00 in attorney's fees within 14 days of this Order.

IT IS SO ORDERED.

DATED: August 2, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE