UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LIBBY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF GRIDLEY, et al.,<br><br>    Defendants. | No. 2:21-cv-00017-JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

    Michael A. Libby ("Plaintiff") brings this Section 1983 action against the City of Gridley, the Gridley Police Department, Gridley Police Chief Rodney W. Harr, Gridley Police Sergeant Farr, and Gridley Police Officer Pasley ("Defendants"). First Amended Complaint ("FAC") at 2, ECF No. 21. Pending before the Court are two motions: Defendants' motion to dismiss, Defs.' Mot., ECF No. 32, and Plaintiff's motion to strike, Pl.'s Mot., ECF No. 35.[1] Plaintiff opposed Defendants' Motion. Pl.'s Opp'n, ECF No. 40. Defendants replied. Defs.' Reply, ECF No. 42. Defendants also opposed Plaintiff's Motion. Defs.' Opp'n, ECF

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearings were scheduled for September 14, 2021.

1

No. 39. Plaintiff replied. Pl.'s Reply, ECF No. 41. After consideration of the parties' briefing and relevant legal authority, the Court grants in part and denies in part Defendants' motion to dismiss and denies Plaintiff's motion to strike.

## I. BACKGROUND

The parties are intimately familiar with the factual background of this case as previously set forth in the operative complaint, the parties' briefings, and the Court's prior order. See Order Granting Mot. to Dismiss ("Prior Order") at 1-3, ECF No. 20. These material facts are not restated here.

On May 17, 2021, the Court granted Defendants' motion to dismiss. See generally Prior Order. On June 3, 2021, Plaintiff filed an amended complaint, adding Sergeant Farr as a named Defendant. See FAC. Defendants again move to dismiss. See Defs.' Mot. On June 30, 2021, Defendants filed an answer. See Answ., ECF No. 31. Plaintiffs move to strike affirmative defenses asserted by Defendants in their answer. See Pl.'s Mot.

## II. OPINION

### A. Plaintiff's Motion to Strike

A Rule 12(f) motion asks the court to strike any "insufficient defense" from an answer. Fed. R. Civ. P. 12(f). An affirmative defense may be insufficient as a matter of law or as a matter of pleading. Butcher v. City of Marysville, No. 2:18-cv-02765-JAM-CKD, 398 F.Supp.3d 715, 728 (E.D. Cal. 2019)(internal citations omitted). Motions to strike affirmative

defenses are "regarded with disfavor because of the limited importance . . . and because they are often used as a delaying tactic." Brooks v. Vitamin World USA Corp., No. 20-cv-01485-MCE-KJN, 2021 WL 4777014, at *1 (E.D. Cal. Oct. 13, 2021) (internal citations omitted). Accordingly, "courts often require a showing of prejudice by the moving party before granting the requested relief." Id. "Where no such prejudice is demonstrated, motions to strike may therefore be denied even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." Id.

    Here, Plaintiff moves to strike Defendant's affirmative defenses. See generally Pl.'s Mot. Plaintiff first argues affirmative defenses are subject to the plausibility pleading standard. Id. at 2-3. This argument, however, has been squarely rejected by this Court, see Xiong v. G4S Secure Solutions (USA) Inc., No. 2:19-cv-00508-JAM-EFB, 2019 WL 3817645, at *1 (E.D. Cal. Aug. 14, 2019) ("Consistent with its prior decisions, this Court declines to apply the Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) pleading standards to affirmative defenses."), and by other Eastern District courts, see e.g. Vitamin World USA Corp., 2021 WL 4777014, at *2 ("District courts in this circuit were previously split on whether the heightened pleading standard announced [in Twombly and Iqbal] applied to affirmative defenses . . . the Ninth Circuit, however, has resolved the spilt in the district courts . . . accordingly, this Court applies the 'fair notice' standard, and not the heightened

pleading standard announced in Twombly and Iqbal when evaluating motions to strike affirmative defenses."). Plaintiff's first argument thus fails.

Plaintiff next argues that he is not required to show prejudice. Pl.'s Mot. at 8. This argument, too, has been rejected by this Court, see Brooks v. Boiling Crab Franchise Co. LLC, No. 2:20-cv-01390-JAM-CKD, ECF No. 12 (E.D. Cal. Nov. 10, 2020) (denying plaintiff's motion to strike "because Plaintiff has failed to demonstrate any cognizable prejudice"), by other Eastern District Courts, see e.g. Vitamin World USA Corp., 2021 WL 4777014, at *1 (explaining "courts often require a showing of prejudice by the moving party before granting the requested relief"), and by other district courts within the Ninth Circuit, see e.g. N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F.Supp.2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike 'even though the offending matter was literally within one or more of the categories set forth in Rule 12(f).'"). Thus, contrary to Plaintiff's contention, a showing of prejudice is required. Plaintiff has not demonstrated prejudice. See Pl.'s Mot.; see also Pl.'s Reply. Accordingly, Plaintiff's motion to strike is denied.

B. Defendants' Motion to Dismiss

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter,

4

accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

    Here, Defendants move to dismiss the claims against the City of Gridley and the Gridley Police Department, see Defs.' Mot. at 3-5, as well as the claims against Chief Harr and Sergeant Farr, see id. at 6-15.

        1.   Claims Against the City and Police Department

    Specifically, Defendants City of Gridley and Gridley Police Department seek to dismiss the fourth claim for violation of the Rehabilitation Act ("Rehab Act") and the fifth claim for violation of the Americans with Disabilities Act ("ADA").  Defs.' Mot. at 3-6; Defs.' Reply at 2-3.  The Court previously dismissed these two claims for failure to allege disability with the

5

requisite factual specificity. Prior Order at 5. Defendants argue that the FAC still does not contain sufficient facts to maintain these claims. Defs.' Mot. at 1, 3-6.

As explained in the Court's prior order, courts analyze ADA and Rehab Act claims together because they provide identical remedies, procedures, and rights. Prior Order at 4 (citing to Tennyson v. Cty. of Sacramento, No. 2:19-cv-00429-KJM, 2020 WL 4059568, at *4 (E.D. Cal. July 20, 2020)). To state a claim under Section 504 of the Rehab Act, a plaintiff must allege: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (internal quotation marks and citations omitted). To state a claim under Title II of the ADA, a plaintiff must allege that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Id.

The parties dispute whether Plaintiff's allegations as to the elements of disability and reasonable accommodation are sufficient. Defs.' Mot. at 5 ("In sum, Plaintiff's FAC fails to allege sufficient facts to demonstrate he was disabled, that Defendants were aware of his disability, and that they failed to accommodate him."); Pl.'s Opp'n at 1-3. As to disability, the

1 Court agrees with Plaintiff that he has added sufficient facts to
2 survive the motion to dismiss.  Pl.'s Opp'n at 1-2.  Plaintiff
3 added the following allegations to the FAC: "Since 1995,
4 [Plaintiff] has struggled with a persistent and ongoing injury to
5 his left arm and shoulder, originating with a torn rotator cuff
6 he experienced when he was involved in a rollover vehicle
7 accident.  In 2006, [Plaintiff] underwent a 'clean up' surgery on
8 his injured arm, in order to remove scar tissue around the site
9 of the injury.  In 2015, [Plaintiff] received a 'total shoulder
10 replacement' surgery at the Cleveland Shoulder Institute.  In
11 July 2020, [Plaintiff's] employer placed him on 'non-industrial
12 disability' for six-months, due to his arm injury.  [Plaintiff's]
13 injured arm is a source of consistent soreness and nerve pain
14 which substantially limits his ability to perform manual tasks,
15 including lifting or putting pressure on the injured arm.
16 [Plaintiff's] injured arm continuously causes him pain and
17 imposes limitations, including on the date giving rise to this
18 action, November 23, 2020."  FAC ¶¶ 12-16.  These allegations
19 "identify more than the general nature of the disability" and are
20 therefore sufficient.  Prior Order at 5; see also Bresaz v. Cnty.
21 of Santa Clara, 136 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015)
22 ("courts have generally required the party to plead the
23 disability with some factual specificity.")
24     As to awareness of the disability and reasonable
25 accommodation, the Court again agrees with Plaintiff that there
26 is sufficient factual detail in the FAC to support his claim that
27 Defendants were aware of his disability and failed to reasonably
28 accommodate him.  Pl.'s Opp'n at 2-3.  Plaintiff alleges that he

7

"informed [Officer Pasley] that he had a physical disability caused by a previous shoulder surgery to his left arm which required the site of the injury to be treated with care," and further that Officer Pasley "disregarded [Plaintiff's] warning concerning his physical disability" and instead "forcefully grabbed hold of [Plaintiff's] left arm" and "hyper-flexed [his] left arm and shoulder, twisting his arms behind his back." FAC ¶¶ 32-34, 115, 121. Additionally, Plaintiff alleges that Officer Pasley and Sergeant Farr "refused to accommodate [his] injured arm, for example, by removing the handcuffs, by applying the handcuffs in front rather than behind the body, or by loosening the handcuffs." Id. ¶ 46. Defendants contend these allegations are insufficient, but do not provide any binding authority supporting their position that more is required at this early stage of the case. See generally Defs.' Mot. Defendants' citation to two out-of-circuit cases, see Defs.' Reply at 2 (citing to Bartee v. Michelin N. AM., Inc., 374 F.3d 906, 916 (10th Cir. 2004) and E.E.O.C. v. C.R. England, Inc., 644 F.3d 1028 (10th Cir. 2011)) do not persuade the Court that more factual detail is required.

For these reasons, the Court denies Defendants' motion as to the fourth and fifth claims against the City of Gridley and the Gridley Police Department.

        2.   Claims Against Chief Harr and Sergeant Farr

             a.   First, Sixth, and Ninth Claims: False Arrest

Sergeant Farr moves to dismiss Plaintiff's first claim for false arrest pursuant to 42 U.S.C. Section 1983; his sixth claim for false arrest pursuant to Cal. Const., Art. I. Section 13; and

his ninth claim for false arrest/imprisonment.  Defs.' Mot. at 6-8, 9-10; Defs.' Reply at 3-4.  Farr generally contends that he cannot be held liable because Officer Pasley arrested Plaintiff not Sergeant Farr, further that the arrest was constitutional because probable cause existed, and even if the arrest were unconstitutional, Sergeant Farr was merely present and his failure to intervene does not rise to the level of reckless or callous indifference.  Id.  Farr maintains that the allegations indicate the following: "Plaintiff refused to obey orders and was uncooperative.  Due to Plaintiff's refusal to cooperate, Officer Pasley was left with no choice but to arrest or let Plaintiff return to the residence where he was no longer welcome.  Certainly, it was not illegal for Sergeant Farr to fail to intervene on the arrest under these circumstances."  Defs.' Mot at 10.

However, Farr ignores Plaintiff's allegations indicating he was a lawful guest at the residence where he was arrested, that he was not committing any crime, and that despite this lawful presence, the officers demanded he vacate the residence.  FAC ¶¶ 17-18, 20-21, 28-29.  Further, he ignores the allegations indicating Farr took actions beyond that of a mere bystander, including that Farr met with the individual who called the police, FAC ¶ 26, that he entered the home searching for Plaintiff, id. ¶ 27, he found Plaintiff in the bedroom and asked Plaintiff to leave, id. ¶ 28, and he told Plaintiff he would be arrested if he did not leave the residence, id. ¶ 40.  Taking all of these allegations as true and drawing inferences in favor of the non-moving party, the Court finds Plaintiff has plausibly

9

alleged that Farr was an integral part of the interaction and not merely a bystander. See e.g. Chuman v. Wright, 76 F.3d 292, 294-295 (9th Cir. 1996)(explaining the integral participation theory of liability); Hernandez v. Contra Costa County, Case No. 20-cv-01183-AGT, 2020 WL 3078119, at *1-2 (N.D. Cal. June 10, 2020) (denying motion to dismiss by supervising officers where "[the supervising officers on scene] plausibly could have physically intervened or verbally ordered their subordinates to stop."). Accordingly, Plaintiff has alleged sufficient facts to support his first, sixth, and ninth claims against Sergeant Farr for false arrest/imprisonment.

Nor does Farr's argument that the sixth claim fails under Katzberg v. Regents of Univ. of Cal., 29 Cal.4th 300 (2002), alter the above analysis. Defs. Mot. at 7-8. Defendants' briefing as to whether there is a private right of action for false arrest under Cal. Const., Art. I, Section 13 does not establish this claim is foreclosed as a matter of law. Accord Estate of Osuna v. County of Stanislaus, 392 F.Supp.3d 1162, 1178-1179 (E.D. Cal. 2019) (finding defendant's insufficient briefing on the Katzberg analysis did not support dismissal of plaintiff's Cal. Const., Art. I, Section 13 claim); Shen v. Albany Unified Sch. Dist., 3:17-CV-02478-JD, 2018 WL 4053482, at *4 (N.D. Cal. Aug. 24, 2018) ("Defendants have not done [Katzberg] justice by making what is effectively a passing reference to it in their briefs, and the Court declines to take it up in that underdeveloped form."). Indeed, Defendants did not respond to Plaintiff's legal arguments, see Pl.'s Opp'n at 9-10, in support of the sixth claim being cognizable. See Defs.'

Reply.  Thus, Defendants' Katzberg argument fails.

For these reasons, the Court denies Defendants' motion as to the first, sixth, and ninth claims against Sergeant Farr.

### b.   Third Claim: Retaliation

Sergeant Farr also seeks to dismiss Plaintiff's third claim for retaliation pursuant to Section 1983.  Defs.' Mot. at 8-9; Defs.' Reply at 6.  To bring a First Amendment retaliation claim, plaintiff must plausibly plead: (1) the plaintiff engaged in constitutionally protected First Amendment activity such as speech; (2) the defendants' action caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a causal relationship between the plaintiff's protected activity and the defendants' conduct.  Mulligan v. Nichols, 835 F.3d 983, 988 (9th Cir. 2016)(internal citations omitted).  "At the pleading stage, the complaint must simply allege plausible circumstances connecting the defendant's retaliatory intent to the suppressive conduct, and motive may be shown with direct or circumstantial evidence."  Koala v. Khosla, 931 F.3d 887, 905 (9th Cir. 2019) (internal citation and quotations marks omitted); see also Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.").

Farr argues Plaintiff did not sufficiently allege the third element: causal connection.  Defs.' Mot. at 9.  Specifically, Farr contends that there is no allegation he was informed of

Plaintiff's disability and thus there can be no causal connection to his failure to intervene on Pasley's retaliatory use of force. Id. But as Plaintiff points out, this ignores the allegations that Sergeant Farr was present when Plaintiff informed Officer Pasley of his "physical disability caused by a previous shoulder surgery to his left arm which required the site of the injury to be treated with care." FAC ¶¶ 27-32, 41. Taking these allegations together and drawing inferences in Plaintiff's favor, the Court may infer that Farr heard what Plaintiff told Pasley and thus was informed of his disability.[2]

Because Plaintiff has sufficiently alleged a causal connection, the Court denies Defendants' motion as to the third claim against Sergeant Farr.

### c.   Second and Seventh Claims: Excessive Force

Chief Harr and Sergeant Farr move to dismiss Plaintiff's second claim for excessive force pursuant to 42 U.S.C. Section 1983 and seventh claim for excessive force pursuant to Cal. Const., Art. I. Section 13. Defs.' Mot. at 10-14; Defs.' Reply at 4-6. The Court previously dismissed Plaintiff's second and seventh excessive force claims against Harr for lack of factual detail. Prior Order at 6-10. Defendants argue Plaintiff still has not alleged conduct on the part of Harr or Farr that would

---

[2] Because these allegations are sufficient to state a causal connection, the Court need not reach the parties' additional arguments. See Pl.'s Opp'n at 8-9; Defs.' Reply at 6-7. Further, part of Defendants' argument regarding this claim ran over the Court's page limit on reply memorandum and was not considered by the Court. See Defs.' Reply at 7; see also Order re Filing Requirements ("Order") at 1, ECF No. 3-2.

allow for individual liability. Defs.' Mot. at 10-14; Defs.' Reply at 4-6.

To state a Section 1983 claim against a supervisor, a plaintiff must allege: "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citation omitted); see also Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir. 1991) (explaining a "supervisor will rarely be directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury" yet "this does not prevent a supervisor from being held liable in his individual capacity").

As to Chief Harr, Defendant contends the FAC contains only conclusory allegations that Harr failed to adequately train, supervise and discipline officers. Defs.' Reply at 4 (referring the Court to FAC ¶ 86.) The Court agrees. However, in opposition Plaintiff set forth a number of facts from police reports that he could add to the complaint. Pl.'s Opp'n at 6-7. Thus, amendment would not be futile. Accordingly, the second and seventh claims as to Chief Harr are dismissed but with leave to amend.

As to Sergeant Farr, Defendant concedes that Farr was present at the scene when Officer Pasley used force on Plaintiff, but insists that Plaintiff's cited authority, Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003), is distinguishable. Defs.' Reply at 4-5. But as Defendants themselves summarize: "In

1  Lolli, the Court found a supervising sheriff liable because he
2  did not intervene in an altercation between an inmate and another
3  officer." Id. at 4.  Those facts are similar to what Plaintiff
4  has alleged here, that Sergeant Farr did not intervene in an
5  altercation between Plaintiff and Officer Pasley.  See FAC ¶¶ 32-
6  39.  Specifically, Plaintiff alleges Farr did not intervene
7  despite being present when Plaintiff informed Officer Pasley of
8  his "physical disability caused by a previous shoulder surgery to
9  his left arm which required the site of the injury to be treated
10 with care."  FAC ¶¶ 27-32, 41, 56-57.  These allegations are
11 sufficient to maintain excessive force claims against Farr.
12      Accordingly, Defendants' motion to dismiss the second and
13 seventh claims as to Sergeant Farr is denied.
14              d.   Eighth Claim: Bane Act
15      Chief Harr and Sergeant Farr also seek to dismiss
16 Plaintiff's eighth claim for violation of the Bane Act.  Defs.'
17 Mot. at 14.  The Court previously dismissed this claim for
18 failure to allege specific intent to violate Plaintiff's rights
19 as required under Reese v. Cty. of Sacramento, 888 F.3d 1030,
20 1043 (9th Cir. 2018).  Prior Order at 10-12.  The FAC does not
21 remedy the deficiencies identified by the Court in its prior
22 order, and Plaintiff's opposition rehashes the same legal
23 arguments that the Court previously rejected.  Pl.'s Opp'n at 11-
24 12.  Accordingly, this claim is dismissed. Further, the Court
25 finds it appropriate to dismiss this claim with prejudice.  See
26 Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (finding
27 leave to amend need not be granted when amendment would be
28 futile).  Given that Plaintiff has already amended his complaint,

14

further amendment would be futile. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (noting that where the plaintiff has previously been granted leave to amend and subsequently failed to cure deficiencies the district court's discretion to deny leave to amend is particularly broad).

### e.  Tenth, Eleventh, and Twelfth Claims

Finally, in a short paragraph tacked on to the final page of their motion, Chief Harr and Sergeant Farr make the sweeping ask that Plaintiff's tenth claim for assault/battery, eleventh claim for intentional infliction of emotional distress ("IIED"), and twelfth claim for negligence be dismissed. Defs.' Mot. at 15. Yet they cite to only one factually dissimilar case to support their argument that each of these three claims should be dismissed. Id. Further, they offer no additional argument regarding these claims in their reply brief. See Defs.' Reply. This is plainly insufficient. Defendants' motion is therefore denied as to Plaintiff's tenth, eleventh, and twelfth claims against Harr and Farr.

## III.  SANCTIONS

Defendants exceeded the Court's 5-page limit on reply memoranda. See Reply; see also Order re Filing Requirements ("Order") at 1, ECF No. 3-2. Violations of the Court's standing order require the offending counsel, not the client, to pay $50.00 per page over the page limit to the Clerk of Court. Order at 1. Moreover, the Court did not consider arguments made past the page limit. Id. Defendants' reply brief exceeded the Court's page limit by 1.5 pages. Accordingly, Defendants'

counsel must send a check payable to the Clerk for the Eastern District of California for $75.00 no later than seven days from the date of this order.

## IV.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to strike.

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss:

1.  Defendants' Motion is DENIED as to Plaintiff's fourth and fifth claims against the City of Gridley and Gridley Police Department; as to the first, third, sixth, and ninth claims against Sergeant Farr; as to the second and seventh claims against Sergeant Farr; and as to the tenth, eleventh, and twelfth claims against Chief Harr and Sergeant Farr.

2.  Defendants' Motion is GRANTED WITHOUT PREJUDICE as to the second and seventh claims against Chief Harr.

3.  Defendants' Motion is GRANTED WITH PREJUDICE as to the eighth claim against Chief Harr and Sergeant Farr.

Plaintiff's amended complaint must be filed within twenty days of this Order. Defendants' responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: November 16, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE