UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. LIBBY,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF GRIDLEY, et al.,<br><br>        Defendants. | No. 2:21-cv-00017-JAM-AC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HARR'S MOTION TO DISMISS** |

    Before the Court is Gridley Police Chief Rodney Harr's ("Defendant" or "Harr") motion to dismiss. Mot., ECF No. 54-1.[1] Plaintiff opposed Defendant's motion. Opp'n, ECF No. 55. Defendant replied. Reply, ECF No. 56. For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 15, 2022.

1

## I.   BACKGROUND

As this is the third round of motions to dismiss in this case, the Court does not repeat the factual background. That background is set forth extensively in the operative complaint, the parties' briefings, and the Court's prior orders. See Order Granting Defs.' First Mot. to Dismiss ("First Order"), ECF No. 20; see also Order Granting in Part and Denying in Part Defs.' Second Mot. to Dismiss ("Second Order"), ECF No. 49.

The pertinent procedural background is as follows: on May 14, 2021, the Court granted Defendants' first motion to dismiss. See generally First Order. On June 3, 2021, Plaintiff filed a first amended complaint. See First Amended Complaint ("FAC"), ECF No. 21. On June 30, 2021, Defendants again moved to dismiss. See Second Mot. to Dismiss, ECF No. 32. On November 16, 2021, the Court granted in part and denied in part Defendants' motion. See generally Second Order. As relevant here, the Court dismissed Plaintiff's second claim for excessive force pursuant to 42 U.S.C. Section 1983 and seventh claim for excessive force pursuant to Cal. Const., Art. I. Section 13 against Harr, but granted Plaintiff leave to amend. Id. at 12-13. The Court explained: "As to Chief Harr, Defendant contends the FAC contains only conclusory allegations that Harr failed to adequately train, supervise and discipline officers. The Court agrees. However, in opposition Plaintiff set forth a number of facts from police reports that he could add to the complaint. Thus, amendment would not be futile." Id. at 13 (internal citations omitted).

///
///

On December 6, 2021, Plaintiff filed a second amended complaint. See Second Amended Complaint ("SAC"), ECF No. 50. Harr, who is sued in his individual capacity, now moves to dismiss Plaintiff's second and seventh excessive force claims. See generally Mot.; see also SAC ¶ 8.

## II.   OPINION

### A.   Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint and construes the pleading in the light most favorable to the plaintiff. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

B.  <u>Analysis</u>

Harr seeks to dismiss Plaintiff's second and seventh excessive force claims.  <u>See generally</u> Mot.  He argues that the SAC still does not contain sufficient facts to support either claim; and further, as to the seventh claim, Article I Section 13 of the California Constitution does not confer a private cause of action for damages.  <u>Id.</u>  Accordingly, Harr asks the Court to dismiss these claims with prejudice.  <u>Id.</u>

To state a Section 1983 claim against a supervisor, a plaintiff must allege: "(1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citation omitted); <u>see also</u> <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 645 (9th Cir. 1991).  As explained below, Plaintiff has alleged sufficient facts to support at least one of the two bases for liability: a causal connection between Harr's wrongful conduct and Officer Pasley's use of excessive force.

When the Court previously dismissed Plaintiff's second and seventh excessive force claim against Harr, it granted leave to amend because "in opposition Plaintiff set forth a number of facts from police reports that he could add to the complaint" and therefore "amendment would not be futile."  Second Order at 13. In the SAC, Plaintiff did precisely that.  <u>See</u> SAC ¶ 99(a)-(s) (listing incidents of Officer Pasley's use of force from Gridley Police Department reports).  He added facts regarding twenty prior incidents in which Officer Pasley used excessive force from

4

1  which the Court can infer Harr was aware of Pasley's misconduct.
2  Id.  In spite of these new allegations, Harr maintains that
3  Plaintiff has not plausibly alleged a causal connection.  Mot. at
4  5-6.  He argues the Court should consider only five of the twenty
5  prior instances because those are the only instances where
6  Officer Pasley used similar force during Chief Harr's tenure.
7  Id. at 5.  Further, he contends "Plaintiff's allegations
8  regarding those five prior instances are conclusory, self-
9  serving, and lack context" and "even if Plaintiff's allegations
10 to those five instances were accepted as true, they are not
11 significantly egregious as alleged and there was not sufficient
12 time for Chief Harr to remedy the alleged misconduct as he only
13 became Chief months prior to the subject incident."  Id.
14      However, the Court must accept Plaintiff's allegations as
15 true and draw all inferences in Plaintiff's favor.  Lazy Y Ranch
16 Ltd.,546 F.3d at 588 .  Here, whether the Court considers just
17 the five instances of prior misconduct or all twenty instances
18 alleged, the Court may properly infer Chief Harr was aware of
19 Pasley's misconduct and "permitt[ed] [his] personnel's use of
20 unreasonable and excessive force."  SAC ¶ 96; see also Opp'n at
21 8-10.  Thus, in the SAC, Plaintiff sufficiently pleads a causal
22 connection between Chief Harr's actions and the alleged
23 constitutional violation, Pasley's use of excessive force.  At
24 this early stage of the litigation, this is sufficient to
25 maintain his Section 1983 excessive force claim against Harr.
26      Accordingly, Defendant's motion is denied as to the second
27 claim.
28 ///

Turning to the seventh claim for excessive force in violation of the California Constitution, Defendant argues this claim fails as a matter of law because Article I Section 13 does not confer a private cause of action for damages. Mot. at 6-8; Reply at 3-5.

As the parties acknowledge, federal district courts are divided on this issue. Mot. at 6; Opp'n at 11. Having carefully reviewed the authority brought forward by both parties, the Court finds the weight of the authority here in the Eastern District leans in favor of Defendant's position. Indeed, Judge Shubb recently observed the same: "[t]he majority of federal district court decisions of which this court is aware appear to have concluded that there is no private cause of action for damages under this provision of the California Constitution." Lesher v. City of Anderson, No. 2:21-cv-00386-WBS-DMC, 2021 WL 2682161, at *5 (E.D. Cal. June 30, 2021); see also Autotek Inc. v. Cnty. of Sacramento, No. 2:16-cv-01093-KJM-CKD, 2017 WL 3149923, at *9 (E.D. Cal. July 25, 2017)("California Constitution Article I section 13. . . does not confer a private right of action for damages."). Thus, the Court joins the majority position and concludes there is no private cause of action.[2]

Accordingly, Defendant's motion is granted as to the seventh claim. Further, because the claim is legally barred, the Court finds dismissal with prejudice is appropriate. See Gompper v.

---

[2] Because this claim fails as a matter of law, the Court does not reach the parties' additional arguments regarding Harr's immunity or the sufficiency of the allegations. Mot. at 8; Opp'n at 14-15.

VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) ("[L]eave to amend need not be granted when amendment would be futile.").

### III.  ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss as to the seventh claim and DENIES Defendant's motion as to the second claim.

IT IS SO ORDERED.

Dated: February 16, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE